UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE OVIDIO HERNANDEZ,

Plaintiff,

-against-

TOWN OF RYE JUSTICE COURT; SUPREME COURT OF THE STATE OF NEW YORK, WESTCHESTER COUNTY,

Defendants.

26-CV-4431 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. On May 27, 2026, Plaintiff filed the original complaint in this action, using the court's general complaint form. In the "Facts" section of the complaint form, Plaintiff wrote, "See attached pages for additional factual allegations," and attached additional pages of factual allegations. (ECF 1, at 5, 8-23.) On June 4, 2026, without direction from the Court, Plaintiff filed an amended complaint, again using the court's general complaint form and again directing the court to see the "attached pages" for his factual allegations. (ECF 6, at 5.) The amended complaint, however, does not include any attached pages and nowhere in the amended complaint does Plaintiff allege any facts concerning the events giving rise to his claims. It is therefore unclear what facts Plaintiff seeks to allege in his amended complaint.

Accordingly, the Court directs Plaintiff, within 30 days, to file a second amended complaint that alleges facts about the events giving rise to his claims. If Plaintiff does not file a second amended complaint within the prescribed time, the Court will treat the statement of facts appended to the original complaint as the operative facts in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff at his address of record.[1]

SO ORDERED.

Dated: July 8, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[1] Along with the complaint, Plaintiff filed a form consenting to receive electronic service of documents in this action. (ECF 4.) By consenting to electronic service, Plaintiff affirmed his understanding that he would no longer receive documents by mail in this action. (*Id.* at 1.) On June 25, 2026, however, Plaintiff filed a letter in which he requested that "all notice and correspondence" in this action be sent "exclusively by certified mail" to his address of record. (ECF 7, at 1.) The Court understands Plaintiff's letter as a request to withdraw his consent to electronic service and has directed the Clerk of Court to remove Plaintiff's email address from the docket.