UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE OVIDIO HERNANDEZ,

Plaintiff,

-against-

TOWN OF RYE JUSTICE COURT; SUPREME COURT OF THE STATE OF NEW YORK, WESTCHESTER COUNTY,

Defendants.

26-CV-4431 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that two New York State courts violated his federal constitutional rights. Named as Defendants are the Town of Rye Justice Court and the Supreme Court of the State of New York, Westchester County. By Order dated September 18, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 13.) The Court dismisses the second amended complaint for the reasons set forth below.[1]

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

[1] Plaintiff filed the original complaint in this action on May 27, 2026. (ECF 1.) On June 4, 2026, without direction from the court, Plaintiff filed an amended complaint that included no factual allegations. (ECF 6.) By Order dated July 8, 2026, Chief Judge Laura Taylor Swain directed Plaintiff to file a second amended complaint that alleges facts concerning the events giving rise to his claims. (ECF 8.) Plaintiff filed a second amended complaint on July 28, 2026. (ECF 10.) The second amended complaint is the operative pleading.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true,but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action against the Town of Rye Justice Court and the New York State Supreme Court, Westchester County, alleging that his due process rights were violated during

proceedings in those courts. The following facts are drawn from the second amended complaint.[2] Plaintiff's claims arise from two actions he filed in state court alleging negligent marketing of a meat product which caused a "medical emergency" and "serious damage to the plaintiff's health." (ECF 10, at 8.)

**A. Town of Rye Justice Court**

Plaintiff brought an action in the Town of Rye Justice Court against Ramón Vargas, a store owner, seeking compensation for damages after ingesting "contaminated meat product."[3] (*Id.* at 9.) On May 23, 2022, Judge Jose Castañeda issued a judgment for $3,000 in Plaintiff's favor, but the award "was not executed as directed by the judge." (*Id.* at 11.)

On June 13, 2022, Plaintiff and Vargas attended an unspecified proceeding in which both parties presented evidence and witnesses. One of Vargas's witnesses testified that Plaintiff did not purchase the product at the store. (*Id*. at 12.) The judge "refused" to consider Plaintiff's evidence to the contrary and issued a judgment in favor of Vargas. (*Id*.) Plaintiff alleges that the "interpreter of the court" delivered the decision to Vargas but not to Plaintiff, which he alleges prevented him from appealing the decision. (*Id.*) Plaintiff then went to the "Offices of the Court," where a "Court Clerk . . . refused to give [Plaintiff] the decision, arguing that it was not ready." (*Id.*) Plaintiff also made a "written request" to Judge Castañeda which "was ignored," preventing Plaintiff from filing a timely appeal. (*Id.*)

On July 20, 2022, after the deadline to appeal had expired, Plaintiff received a phone call from the court informing him that he could "go collect the decision," which Plaintiff did. (*Id.* at 13.) Plaintiff alleges that Judge Castañeda's decision in favor of Vargas "does not indicate the

---

[2] The Court quotes from the second amended complaint verbatim. All spelling, grammar, and punctuation appear as in the second amended complaint unless noted otherwise.

[3] It appears that Plaintiff was not represented by counsel in this action.

legal bases, arguments, or precedents established in previous cases to dismiss [his] complaint, and did not issue any documents to reverse the first decision in [his] favor." (*Id.* at 15.) Plaintiff further asserts that Vargas "induced [Vargas's] minor stepdaughter . . . to commit perjury, with the acceptance of the Court" when she "lied under oath when claiming to be an employee of the store." (*Id.*) Plaintiff also complains that Vargas's defense attorney "refused to respond to [Plaintiff's] formal written request for the documents that prove that the minor was a qualified witness." (*Id.* at 16.)

Plaintiff asserts that the Town of Rye Justice Court "deliberate[ly]" prevented him from filing a timely appeal. (*Id.*)

**B. New York State Supreme Court, Westchester County**

On May 1, 2024, Plaintiff, without counsel, filed an action in the New York State Supreme Court, Westchester County, in which he challenged the actions of the Rye Justice Court. During that litigation, Plaintiff "did not receive notifications or copies of resolutions at [his] home, neither by mail nor through the representatives of the opposing party." (*Id.* at 18.)

The court scheduled a conference with respect to Plaintiff's motion for default judgment, but when Plaintiff arrived for the conference, a court clerk prevented him from entering the courtroom because his "name did not appear in the program." (*Id.*) The clerk further told Plaintiff that his "presence was not necessary" because the conference was "a meeting between the judge Paul Marx and the defendant's attorneys." (*Id.* at 18-19.) Judge Marx then "extended" the "matter" for 11 months. (*Id.* at 19.)

On October 30, 2024, the case was reassigned to Judge William Giacomo. On December 27, 2024, Plaintiff went to the courthouse, and a court clerk gave Plaintiff a copy of Judge Giacomo's order, dated December 6, 2024, dismissing his case. Plaintiff requested from the court a "CD with the record data," which he claims to have received but alleges "does not

contain the decision, nor is there any record that I was formally notified of the resolution." (*Id.* at 21.) He further alleges that Judge Giacomo "did not consider [his] initial request that the case be resolved before a jury." (*Id.*)

Plaintiff further alleges that "the notice" had never been mailed to him. (*Id.* at 22.) He maintains that it was the responsibility of defendant's counsel to "send the decision to [his] home," but they did not do so. (*Id.*)

Plaintiff filed a motion for reconsideration, which was denied.

Plaintiff asserts that the "omissions and decisions" of the State Supreme Court violated his constitutional rights by "depriving [him] of effective notice and the possibility of appeal within the legal period." (*Id.* at 23.) As a result, he has lost "reparation, including medical expenses and other reimbursements" caused by the tainted meat. (*Id.* at 17.)

Plaintiff asks this Court to "recognize the violations denounced, annul the flawed proceedings and order the retroaction of the procedure to guarantee the full exercise of the remedy." (*Id.* at 23.) He further requests that "a court sitting with a jury determine the compensation for the material and moral damages incurred." (*Id.*)

Plaintiff seeks money damages and declaratory and injunctive relief.

## DISCUSSION

### A. Eleventh Amendment Immunity

The Court must dismiss Plaintiff's claims against the Town of Rye Justice Court and the Supreme Court of the State of New York, Westchester County. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks,

alterations, and citation omitted). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). [T]he immunity recognized by the Eleventh Amendment "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

New York State has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977). The Town of Rye Justice Court and Supreme Court of the State of New York are both parts of the New York State Unified Court System, which "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see* N.Y. Const. art. VI, § 1 ("The unified court system for the state shall also include the district, town, city and village courts outside the city of New York."); *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (holding that claims against the New York Supreme Court are barred by the Eleventh Amendment (citing *Gollomp*, 568 F.3d at 368)); *Ceparano v. Southampton Justice Ct.*, No. 09-CV-0423 (SJF) (AKT), 2010 WL 11527157, at *6 (E.D.N.Y. Mar. 22, 2010) (holding that a town justice court is part of the New York State Unified Court System and entitled to Eleventh Amendment immunity).

The Court therefore dismisses Plaintiff's Section 1983 claims against the Town of Rye Justice Court and Supreme Court of the State of New York, Westchester County, as barred by the Eleventh Amendment and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir.

1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B. *Rooker-Feldman* Doctrine**

Even if Plaintiff were able to name a defendant who is not immune from suit, the Court would nevertheless lack jurisdiction over his claims. Plaintiff asks this Court to "annul" the state courts' judgments and seeks damages arising from those judgments. Congress has vested appellate jurisdiction over state court judgments exclusively with the United States Supreme Court. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (["Section] 1257, as long interpreted, vests authority to review a state court's judgment solely in" the Supreme Court). A litigant seeking relief from a state court judgment may appeal within the state system and file a petition for a writ of *certiorari* to the United States Supreme Court.

The *Rooker-Feldman* doctrine—created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)—bars federal suits seeking review of state-court judgments, regardless of whether such state-court judgments are final judgments rendered by the highest court of a State. *See TM v. Univ. Of Maryland Med. Sys. Corp.*, 608 U.S. 668, 672 (2026); *Harriot v. JP Morgan Chase Bank NA*, No. 16-CV-0211 (GBD), 2016 WL 6561407, at *3 (S.D.N.Y. Oct. 21, 2016) ("[Under *Rooker-Feldman*,] federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments, including claims that are inextricably intertwined with a prior determination of a state court." (internal quotation marks and citations omitted)). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in

state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff's claims meet each prong of the *Rooker-Feldman* test: His state-court matters were dismissed, and he filed this action after the state court judgments were rendered. The ultimate injury of which he complains—his inability to recover damages allegedly caused by tainted meat—was caused by the adverse state court judgments. By asking this Court to find that the state courts violated Plaintiff's constitutional rights, Plaintiff is asking this court to review and reject the validity of the state court judgments. Plaintiff's contention that he was unable to comply with the state court's appellate process does not change the conclusion that the *Rooker-Feldman* doctrine applies.

Accordingly, even if Plaintiff had named an appropriate defendant, his claims would be barred by the *Rooker-Feldman* doctrine.

**C. Leave to amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011);*Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses the second amended complaint as barred by the Eleventh Amendment and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to terminate the motions pending at ECF 9 and ECF 11.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: October 1, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge